The opinion of the court was delivered by
Parlange, J.
This is a mandamus proceeding by which relator-seeks to compel the judge of the Nineteeth Judicial District Court to sign a bill of exception which relator, through his counsel, reserved to the refusal of the district judge to give certain charges to-the jury which tried relator for murder. Sentence of death has-been passed on relator, and his appeal from the same is on file in this court.
The respondent judge admits in his return to the writ that he refused to sign the bill of exception. But he states that “ he was and is still willing to sign said bill, and has so stated to counsel for the-accused, provided the wording of the seven first lines thereof be so-amended as not to force him to admit facts upon which he disagreed with” relator’s counsel. The wording objected to by the respondent judge is as follows:
“ Be it remembered that on the trial of this case, after certain evidence on the part of the State, implicating the accused who was present at the homicide, in the killing, had been adduced, and after witnesses for the defence had testified exonerating the defendant from any complicity in the affair, the following charges were asked for,” etc.:
*1219 The district judge objects particularly to the words: “ And after-witnesses for the defence had testified exonerating the accused from any complicity in the affair.” He avers that he can not sign a bill-containing such a statement, for reasons which he sets out at length, but mainly because the statement “does not comport with the facts-, proven on the trial,” and because “ counsel can not ask the judge to admit that the evidence adduced on the trial exonerated the-accused.”
We do not understand, as counsel for relator express apprehension in their brief, that the respondent judge denies that there was-any contention whatever as to the guilt or innocence of relator. We-understand that the district judge objects to signing a bill of exception which states: not that there was testimony tending to exonerate or for the purpose of exonerating the relator, but exonerating-him. We feel assured that the district judge will state that there was a contention.
It is clear that it is the duty of the district judge to sign a bill of' exception which will show his refusal of the charges. This refusal he admits. We do not understand him as refusing to sign a bill of exception showing the refusal, but on the contrary as averring his-readiness to sign the bill of exception brought up in this ease, provided the words to which he objects are first stricken out.
We have been referred by the counsel for relator to the decisions of this court reported in 38 An. 536-789, State vs. Tucker, and to other cases. The decisions quoted are correct, but they do not apply to the instant case. That a defendant in a criminal case, in order to preserve a point of law and to enable this court to pass upon the applicability of the point of law, may state the contention in his-bill of exception and that he may state the contention in the manner shown by the authorities quoted, is a perfectly correct proposition; but it is not the proposition involved in this case. This court is now asked to compel the trial judge to sign a bill of exception which states the force and effect of testimony heard by the jury, and to require him to certify that certain witnesses on behalf of' relator “testified exonerating him from any complicity in the affair.”'
Probably the counsel for relator did nob intend to make the statement as broad as it appears on the face of the bill of exception; but the bill must speak for itself.
Relator prays that the district judge be ordered to sign the par *1220 ticular bill of exception in question in its present form. It is evident that we can not so order. Nor can we, in this proceeding, order the district judge to sign a bill framed in accordance with the views we herein expres. In mandamus proceedings there can be no variance between the relief asked and the relief granted, and if the court can not grant the relief specified in the alternative writ, it must refuse any. Besides, the district judge has not refused to sign such a bill as would be held proper under the views we herein express.
Mandamus refused and proceedings dismissed at relator’s costs.